## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ANTHONY AND KATHLEEN CUCCIA        CIVIL ACTION

VERSUS                                NO. 07-6254

THE STANDARD FIRE INS. CO. AND/OR     SECTION "B"(5)
TRAVELERS INSURANCE COMPANY

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 9). After review of the pleadings and applicable law, and for the reasons that follow, **IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**.

### *BACKGROUND*

Plaintiffs Anthony and Kathleen Cuccia filed suit to recover an undisclosed amount of damages resulting from Hurricane Katrina from The Standard Fire Insurance Company ("Standard Fire") under a homeowner's insurance policy. Plaintiffs filed this action in Louisiana state court on August 27, 2007. Defendant The Standard Fire Insurance Company ("Standard Fire") removed this action to federal court on September 28, 2007. Plaintiffs are domiciled in Louisiana; whereas, Standard Fire is domiciled in Connecticut. The amount in controversy proves to be the basis for this Motion to Remand.

Plaintiffs aver that in order to remain in federal court, the removing party must prove by a preponderance of the evidence

1

that the jurisdictional minimum exists by (1) demonstrating that it is either facially apparent that the claims rise above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Plaintiffs assert that Defendant has not met its burden, as it has not presented evidence to support its claim of jurisdiction, such as a certified copy of the insurance policy at issue, certified copies of payments it made to Plaintiffs, or certified copies of damage estimates evidencing the amount in controversy. Plaintiffs further assert that Defendant's representations contained within their Notice of Removal are misleading because Plaintiffs made no monetary demand nor did they plead total loss of the property.

Defendant alleges that the policy issued to Plaintiffs has the limits of liability of $162,000.00 for dwelling coverage, $16,200 for other structures, $113,400 for personal property, and $48,000 for loss of use, for a total of $339,600. In addition to citing policy limits, Defendant alleges specific facts in its Notice of Removal demonstrating that the amount in controversy exceeds $75,000.00. Defendant highlights that prior to filing suit, Plaintiffs submitted estimates to Defendant claiming that the amount of covered damage to the dwelling and other structures was $69,472.77 and the amount of covered damage to personal property was $28,667.00. Plaintiffs represented to Defendant that they had incurred $98,139.77 in covered damages, and to date, Defendant has

only paid Plaintiffs a total of $23,227.02.  This amounts to a potential $74,912.75 in unpaid property damage.  Defendant also highlights that Plaintiffs seek damages for pain and anguish, loss of funds, loss of indemnification benefits, loss of interest that would have been earned, and loss of investment opportunities. Plaintiffs further allege that Defendant is liable for bad faith penalties and attorney's fees pursuant to La. R.S. §22:658 and 22:1220.

## *Discussion*

### A. Diversity Jurisdiction

28 U.S.C.A. § 1332 governs removal to federal court.  In order to satisfy the requirements of the statute, the action must be between citizens of different states, and the amount in controversy must exceed $75,000.  The removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by demonstrating that it is "facially apparent" that the claims are likely above $75,000 or by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit supporting a finding of the requisite amount.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  Removal, however, cannot be based on conclusory allegations.  *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  If a defendant shows by a preponderance of the evidence that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff

shows that "it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

**B. The Removal Petition**

Plaintiffs allege that where the "facially apparent" test is not met, it is appropriate for the Court to consider summary judgment-type evidence relevant to the amount in controversy as of the time of removal. However, in *Simon v. Wal-Mart Stores, Inc.*, the Fifth Circuit indicated that filing an affidavit with Defendant's Notice of Removal **or** setting forth facts in controversy in that Notice may suffice when the "facially apparent" test is inapplicable. *Id.* When the Fifth Circuit reversed the district court denial of remand in *Davis v. Grider*, it did so because Defendant filed no affidavits with its notice of removal in addition to failing to set forth any facts in controversy in its notice of removal. 214 F.3d 1350, 2000 WL 634655 (5th Cir. 2000). No case law supports Plaintiffs' argument that Defendant has failed to carry its burden by failing to present evidence to support its claim of jurisdiction, such as a certified copy of the insurance policy at issue, certified copies of payments it made to Plaintiffs, or certified copies of damage estimates evidencing the amount in controversy, in addition to the facts in controversy set forth in Defendant's Notice of Removal.

Despite Plaintiffs' reference to *De Aguilar v. Boeing Co.*, to

4

support their claim that a defendant must point to more than state law that might allow a plaintiff to recover more than what is pled, the Fifth Circuit has pronounced that the calculation of an amount in controversy in Louisiana cases must include attorney's fees when an applicable statute allows the award of such fees. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002). Before adding claims regarding bad faith penalties, attorney's fees, damages for pain and anguish, loss of funds, loss of indemnification benefits, loss of interest that would have been earned, and loss of investment opportunities, Defendant calculated the total amount potentially in dispute on this matter to be $74,912.75 in unpaid property damage.  Therefore, the amount in controversy exceeds $75,000, as asserted in Defendant's Notice of Removal.

Because Defendant has satisfied its burden, Plaintiffs must satisfy the "legal certainty" obligation. *De Aguilar*, 47 F.3d at 1412.  Plaintiff has merely asserted that Defendant's representations contained within their Notice of Removal are misleading because Plaintiffs made no monetary demand nor did they plead total loss of their property in their Petition for Damages. However, Plaintiffs' rebuttal hardly amounts to any form of legal certainty that the amount in controversy does not exceed $75,000 simply because they assert a total loss has not been claimed. Citing a state law that prohibits recovery of damages in excess of

$75,000 would serve as an example of how Plaintiffs could have met their legal certainty obligation. *Id.*  In light of the case law and the Notice of Removal, Plaintiffs' Motion to Remand is **DENIED.**

New Orleans, Louisiana, this 19th day of June, 2008.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE